**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GREGORY TURNER, | DOCKET NUMBER |
| Appellant, | AT-0353-16-0826-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory Turner</u>, Memphis, Tennessee, pro se.

<u>Cynthia R. Allen</u>, Memphis, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  We FORWARD the appellant's new restoration claim to the Atlanta Regional Office for docketing as a separate appeal.

The appellant has filed several restoration appeals related to a compensable injury he suffered in 2006.  In one, from 2010, an administrative judge found that the agency violated the appellant's restoration rights as a partially recovered employee.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-I-1 (0960 appeal), Initial Appeal File, Tab 39, Initial Decision.  After the decision became final in the 0960 appeal, the appellant filed a petition for enforcement.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-C-1, Compliance File (0960 CF), Tab 1.  The administrative judge denied his petition for enforcement but docketed another appeal because the appellant appeared to present a separate restoration claim.  0960 CF, Tab 11, Compliance Initial Decision; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-I-1 (0838 appeal), Initial Appeal File (0838 IAF), Tab 1.  In the 0838 appeal, the appellant alleged that, in September 2013, the agency improperly reduced the hours of his modified assignment, but the administrative judge dismissed that appeal for lack of jurisdiction.  0838 IAF, Tab 13, Initial Decision.  After the appellant filed a petition for review, the Board vacated the initial decision and remanded for further adjudication.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-I-1, Remand Order (Sept. 28, 2015).  On remand, the

administrative judge dismissed the case for failure to prosecute. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-B-1, Tab 16, Remand Initial Decision.

During the adjudication of his 0838 appeal, the appellant filed another appeal, pertaining to an alleged denial of restoration in December 2014. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0752-15-0199-I-1 (0199 appeal), Initial Appeal File (0199 IAF), Tab 1. The administrative judge similarly dismissed the 0199 appeal for failure to prosecute. 0199 IAF, Tab 32, Initial Decision. After the appellant filed identical petitions for review of the 0838 appeal and 0199 appeal, the Board joined those appeals and affirmed the administrative judge's dismissals. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017).

The appellant filed the instant restoration appeal in September 2016. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0826-I-1 (0826 appeal), Initial Appeal File (0826 IAF), Tab 1. He attached an August 2016 letter from the agency, in which the agency requested he attend a meeting and bring updated medical documentation reflecting his restrictions. *Id.* at 7. The agency filed a motion to dismiss for lack of jurisdiction, with argument and evidence that the appellant had not returned to work or attempted to return to work since January 2015, when he last refused a limited-duty assignment. 0826 IAF, Tab 5 at 4-11. The agency also submitted a sworn declaration indicating that the appellant did not attend the meeting scheduled in the August 2016 letter. *Id.* at 14-15.

The administrative judge dismissed the 0826 appeal, without a hearing, for lack of jurisdiction. 0826 IAF, Tab 10, Initial Decision (0826 ID). The appellant has filed a petition for review. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0826-I-1, Petition for Review (0826 PFR) File, Tab 1.

The agency has filed a response, and the appellant has replied. 0826 PFR File, Tabs 3-4.[2]

To establish Board jurisdiction over a restoration claim as a partially recovered employee, an appellant must make nonfrivolous allegations that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12. The agency does not appear to dispute that the first two prongs of the appellant's jurisdictional burden are satisfied in the case before us. 0826 IAF, Tab 5 at 10-11. Therefore, this decision will focus on the third and fourth prongs of that burden.

In June 2014, the appellant underwent an independent medical evaluation with an orthopedist. That physician concluded that, because of his compensable injury, the appellant was permanently limited to working 6 hours per day; bending and stooping 1 hour per day; and pushing, pulling, and lifting no more than 25 pounds, for 1 hour per day. 0199 IAF, Tab 8 at 22; 0826 IAF, Tab 9 at 14-17. In November 2014, the Office of Workers' Compensation Programs (OWCP) notified the appellant that it was terminating his wage compensation for refusing suitable work.[3] 0826 IAF, Tab 5 at 82-84. In doing so, the OWCP

---

[2] While the appellant's petition for review was pending in this 0826 appeal, he filed another appeal, alleging that the agency again denied him restoration. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1 (0732 appeal), Initial Appeal File (0732 IAF), Tab 1, Tab 9 at 8. The administrative judge presiding over the 0732 appeal also dismissed the case for lack of jurisdiction, without holding the requested hearing. 0732 IAF, Tab 12, Initial Decision. The appellant filed a petition for review in the 0732 appeal, which we will address in a separate order. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1, Petition for Review File, Tab 1.

[3] The termination of OWCP benefits does not preclude an appellant from presenting a valid restoration claim. *See Artis v. U.S. Postal Service*, 88 M.S.P.R. 309, ¶¶ 7, 9 (2001) (remanding for further adjudication to determine whether the appellant requested

concluded that an offer of modified assignment from July 2014 was consistent with the aforementioned medical evaluation and recommended limitations.[4] *Id.*

Soon after the OWCP notified the appellant that it was terminating his wage compensation for refusing suitable work, the appellant seems to have accepted a modified assignment, at least for a brief period. 0826 IAF, Tab 5 at 81. However, that offer did not include the 25-pound weight restriction, and so the appellant filed a grievance. *Id.*; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1, Initial Appeal File (0732 IAF), Tab 9 at 15-19. Ultimately, the grievance was resolved in the appellant's favor, concluding that the modified position offered on November 26, 2014, was improper because it did not include the 25-pound lifting, pushing, and pulling limitations. 0732 IAF, Tab 9 at 15-19.

In January 2015, the agency extended another offer of modified assignment. 0826 IAF, Tab 6 at 19. The assignment required no more than 6 hours of work per day; bending and stooping 1 hour per day; and pushing, pulling, and lifting no more than 25 pounds, for 1 hour per day. *Id.* That January 2015 offer is consistent with the June 2014 medical evaluation, which the OWCP relied on in rendering its earlier determination regarding the refusal of suitable work. *Compare* 0826 IAF, Tab 6 at 19, *with* 0199 IAF, Tab 8 at 21; 0826 IAF, Tab 9 at 14-17. It also is consistent with the aforementioned grievance decision. *Compare* 0826 IAF, Tab 6 at 19, *with* 0732 IAF, Tab 9 at 15-19. Although the appellant declined the January 2015 offer, the agency explicitly noted that the offer would remain available if he chose to return. 0826 IAF, Tab 6 at 18.

---

restoration prior to her proposed removal for excessive absenteeism, including the period after the termination of her OWCP benefits).

[4] The OWCP notification described the suitable work as being offered on July 11, 2014. 0826 IAF, Tab 5 at 83. It appears that this is in reference to an offer of modified assignment, which includes a signature from the appellant's supervisor on July 11, 2014, but reflects July 12, 2014, as the date offered. 0199 IAF, Tab 8 at 21.

In the 0826 appeal currently before us, the agency argued that the appellant failed to nonfrivolously allege that he requested or was denied restoration. 0826 IAF, Tab 5 at 10-11. For the reasons described in the initial decision for the 0826 appeal, we agree. 0826 ID at 2-4. The appellant filed the 0826 appeal after the agency sent him a letter in August 2016, requesting his attendance at a meeting concerning restoration. 0826 IAF, Tab 1 at 7. However, the record suggests that the agency's January 2015 offer of modified assignment was still available. The appellant does not appear to argue otherwise, and there is no basis for construing the August 2016 letter as a denial of restoration.

On review, the appellant has presented no basis for disturbing the initial decision in the 0826 appeal. However, the appellant's petition contains two letters to the agency, dated November 20 and 26, 2016, respectively. 0826 PFR File, Tab 1 at 5-6. In those letters, which predate the initial decision by nearly 3 months but were not submitted below, the appellant asserted that he was ill the day of his scheduled meeting with the agency, and he requested rescheduling to consider any available work. *Compare* 0826 ID, *with* 0826 PFR File, Tab 1 at 5-6. The appellant argues that the agency failed to respond to his letters, and that its failure places the 0826 appeal within the Board's jurisdiction. 0826 PFR File, Tab 1 at 4.

Although the November 2016 letters appear immaterial to the period addressed in this 0826 appeal, they do warrant consideration as a subsequent restoration claim. The agency has conceded as much in its response, without explaining whether or why it failed to answer the appellant's letters. 0826 PFR File, Tab 3 at 5-6.

For these reasons, we affirm the initial decision, dismissing this 0826 appeal for lack of jurisdiction. We forward the appellant's November 2016 letters to the regional office for docketing as a separate restoration appeal. The administrative judge assigned to this newly docketed restoration appeal

should provide the appellant with an opportunity to establish timeliness[5] and jurisdiction, specific to the period surrounding his November 2016 letters to the agency.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] The appellant's belated submission of the November 2016 letters, in February 2017, along with his extensive history of filing restoration appeals, calls into question whether he was diligent in raising this matter. *See Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶¶ 22-24 (2010) (discussing the appellant's timeliness burden in a restoration case when it was not apparent the agency notified her of her appeal rights); 5 C.F.R. § 353.104 (requiring an agency denying restoration to provide notice of appeal rights, but further requiring an employee to "exercise due diligence in ascertaining" those rights regardless of such notice).

[6] The regional office may wish to join this appeal with the appellant's 0732 appeal, which we are remanding in a separate order.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.